UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOYSUDS, LLC.,

                    Plaintiff,

           v.

AWESOME PRODUCTS, INC., d/b/a LA's
TOTALLY AWESOME PRODUCTS, DERM
COSMETIC LABS, INC., MENARDS, INC.,
OLLIE's BARGAIN OUTLET HOLDINGS, INC.,
and COST CLUB CORP.,

                    Defendants.

25 Civ. 2977 (DEH)

**MEMORANDUM OPINION
AND ORDER**

---

DALE E. HO, United States District Judge:

Plaintiff JoySuds, LLC brings this action asserting trademark infringement, among other claims, regarding the sale of allegedly counterfeit laundry detergent.  *See* Compl., ECF No. 1. Before the Court are three separate motions to dismiss or transfer this action filed by Defendants Awesome Products, Inc. ("Awesome"), Derm Cosmetic Labs, Inc. ("Derm"), and Menards, Inc.[1] As explained herein, each of the motions is **DENIED**.

## I.    Awesome's Motion

Defendant Awesome seeks dismissal based on a declaratory judgment action filed in the Eastern District of Kentucky.  *See Awesome Prods., Inc. v. JoySuds LLC*, No. 2:25 Civ. 50, 2025 WL 3562610 (E.D. Ky. Dec. 12, 2025) (the "Kentucky Action").  According to Awesome, this case should be dismissed or transferred to Kentucky under the first-filed rule.  Awesome also argues that JoySuds' claims are compulsory counterclaims that must be brought in the Kentucky Action.  The Court disagrees.

---

[1] Ollie's Bargain Outlet Holdings, Inc. joined the motion to dismiss filed by Awesome. *See* ECF No. 24.  Cost Club Corp. has not yet appeared in this action.

For background, on March 24, 2025, JoySuds sent Awesome a cease-and-desist letter demanding that "within five (5) days of the date of this letter" Awesome stop selling and manufacturing the allegedly counterfeit products. Declaration of Anne Marie Bowler in Opposition to Awesome Motion to Dismiss, Ex. 1-D, ECF No. 27 ("Bowler Dec. I"). The letter indicated that "JoySuds [was] prepared to seek all damages against Awesome Products, including commencing a legal action against Awesome Products for trademark infringement and unfair competition." *Id*. On March 31, 2025—the first business day after the five-day deadline— Awesome filed a declaratory judgment action in Kentucky, seeking a declaration of noninfringement in a complaint totaling thirteen paragraphs. *Id*. at Ex. 1-I (complaint in Kentucky Action). JoySuds then filed this case on April 10, 2025, seeking the relief set out in their March 25 demand letter. *See* Compl. And just recently, after the completion of briefing on the various motions to dismiss, the Kentucky Action was dismissed as an improper anticipatory filing. *See Awesome Prods., Inc.*, 2025 WL 3562610, at *6.

The Court agrees with the Eastern District of Kentucky and concludes that the first-filed rule should not apply in this case because the Kentucky action was an improper anticipatory filing. "The recognized exception to the rule holds that, where the first-filed case is a declaratory judgment action precipitated by a demand letter and filed in anticipation of the later action, the second-filed action will be permitted to go forward in plaintiff's chosen forum." *Mass v. McClenahan*, 93 Civ. 3290, 1993 WL 267418, at *2 (S.D.N.Y. July 9, 1993); *compare Skiplagged, Inc. v. Sw. Airlines Co.*, No. 21 Civ. 5749, 2022 WL 2391999, at *4 (S.D.N.Y. June 30, 2022) (finding one-count declaratory judgment filed the day after a cease-and-desist letter to "weigh heavily in favor of dismissal."). Awesome had actual notice of JoySuds' intent to file a lawsuit over the sale of counterfeit products and "engaged in a race to the courthouse and filed suit." *AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, No. 14 Civ. 2792, 2014 WL 3778200, at

2

*4 (S.D.N.Y. July 30, 2014). And as noted by JoySuds, Awesome's barebones, short complaint is "indicative of hasty preparation" that "was motivated by a fear of imminent legal action." *Skiplagged, Inc.*, 2022 WL 2391999, at *4. Further, "[a]nticipatory conduct" is presumed where the filing of a declaratory judgment action is "triggered by a notice letter." *Chicago Ins. Co. v. Holzer*, No. 00 Civ. 1062, 2000 WL 777907, at *2 (S.D.N.Y. Jun.16, 2000); *see also Fed. Ins. Co. v. May Dep't Stores Co.*, 808 F.Supp. 347, 350 (S.D.N.Y.1992) (noting that the filing of an anticipatory declaratory judgment action after notice of a coercive suit has been received leads to an inference of forum shopping).

The Court also concludes that the demand letter's timeframe for suit was sufficiently specific for Awesome's filing to be considered anticipatory. *See CGI Solutions, LLC v. Sailtime Licensing Grp.*, LLC, No. 05 Civ. 4120, 2005 WL 3097533, at *3-4 (S.D.N.Y. Nov. 17, 2005) (finding anticipatory filing where notice letter detailed claims that "may" be brought even though it "did not outright announce that it would be filing suit by a particular date"); *Dish Network, L.L.C. v. Am. Broad. Companies, Inc.*, No. 12 Civ. 4155, 2012 WL 2719161, at *4 (S.D.N.Y. July 9, 2012) (finding anticipatory filing where Party learned of potential suit from a news article that specified suit would likely be filed "within a month" and identified the likely claims). Awesome fails to demonstrate that JoySuds insufficiently indicated an intent to file suit so as avoid construing the Kentucky action as anticipatory. *See, e.g. Emps. Ins. of Wausau v. Prudential Ins. Co.*, 763 F.Supp. 46, 49 (S.D.N.Y.1991) (letter asserting that party "hoped to avoid litigation" failed to sufficiently notify the opposing party of intent to litigate).

Because the Court concludes that the first-filed rule does not apply, the Court also concludes that the JoySuds' claims are not compulsory counterclaims to the Kentucky Action. *See 242 Partners, L.P. v. Sean Gelb*, No. 12 Civ. 2561, 2012 WL 2309060, at *1 (S.D.N.Y. June 18, 2012) (rejecting that Florida action should be combined with New York action as a compulsory

counterclaim under FRCP 13(a) where New York action was an improper anticipatory filing). Accordingly, Awesome's motion, as joined by Ollie's Bargain Outlet Holdings, is **DENIED**.

## II.     Derm's Motion

Derm seeks to dismiss the claims against it for lack of specific personal jurisdiction. However, JoySuds asserts that Derm is subject to jurisdiction in this Court as an alter ego of Awesome.  Because Awesome has consented to jurisdiction in the Southern District, the same would apply to Derm if Awesome's alter ego theory holds true.  The Court concludes that JoySuds has adequately alleged Derm's alter ego status and **DENIES** the motion to dismiss.

"Under New York law, if a court has personal jurisdiction over a defendant, it may also exercise personal jurisdiction over an alter ego defendant." *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 469 (S.D.N.Y. 2019); *see also Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, No. 09 Civ. 6148, 2012 WL 12932049, at *26 (S.D.N.Y. July 17, 2012), *report and recommendation adopted*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012) (alter ego of entity that consented to jurisdiction also deemed to have consented).  "Under both New York law and federal common law, exercise of personal jurisdiction over an alleged alter ego requires application of a less onerous standard than that necessary for equity to pierce the corporate veil for liability purposes." *CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*, No. 21 Civ. 1395, 2022 WL 18859076, at *4 (S.D.N.Y. Dec. 10, 2022).  "In determining whether an entity is properly understood as another's alter ego for jurisdictional purposes, courts consider a number of factors, including (1) the failure to observe corporate formalities; (2) intermingling of personal and corporate funds; (3) overlap in ownership and directors; shared office space and phone numbers; (4) whether the alter egos and the corporation dealt with one another at arm's length; (5) the payment or guarantee of debts of the alter egos by the corporation in question; and (6) whether the corporation in question had property that was used by the alter egos as if it were their own." *Id*. at *5 (numbering added).  "No

4

one factor is determinative, but rather the key inquiry is whether the corporation is being used by the alleged dominating entity to advance its own personal interests as oppose[d] to furthering the corporate ends." *Cardell Fin. Corp.*, 2012 WL 12932049, at *15.

JoySuds has adequately alleged that Derm acts as an alter ego for Awesome. The Complaint alleges that Defendant Awesome Products and Defendant Derm share the same principal place of business: 6370 Altura Blvd., Buena Park, California, 90620. Compl. ¶¶ 3-5. JoySuds also alleges that Derm and Awesome share the same owner, Chief Executive Officer, Secretary, and Chief Financial Officer—a single individual named Loksarang D. Hardas, a/k/a L.D. Hardas. *Id.* ¶¶ 5-7; Declaration of Anne Marie Bowler in Opposition to Derm Motion to Dismiss, ¶ 3, Exh. 1 ("Bowler Dec. II"), ECF No. 40. Plaintiff also provides evidence that indicates that Derm and Awesome share websites and explicitly use their names interchangeably. Bowler Dec. II ¶ 4, Exh. 2 (use by Derm of Awesome's website as its own); *Id.* at ¶ 5, Exh. 3 (job application for Awesome directed resumes to be sent to Derm); *Id.* at ¶ 6, Exh. 4 (representation by Awesome that it does business as Derm); *Id.* ¶ 8, Exh. 6, at Exh. E, pg. 2, ¶ B (indicating that Awesome was doing business as Derm in the Kentucky Complaint).

Based on these facts, the Court concludes that Derm is an alter ego of Awesome and imputes Awesome's waiver of personal jurisdiction to Derm. "Courts have uniformly found that it is consistent with due process to impute a corporation's waiver of personal jurisdiction to . . . its individual alter ego." *In re SKAT Tax Refund Scheme Litig.*, No. 18 Civ. 5053, 2020 WL 7059843, at *3 (S.D.N.Y. Dec. 2, 2020). Accordingly, Derm's Motion to Dismiss is **DENIED**.

### III.    Menards' Motion

Lastly, Menards argues that the Court lacks personal jurisdiction because it did not "purposefully avail" itself of the protections of New York law. The Court does not agree.

To establish personal jurisdiction pursuant to New York's long arm statute, "the jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions." *American Girl, LLC v. Zembrka*, 118 F. 4th 271, 276-77 (2nd Cir. 2024), *cert. denied sub nom. Zembrka v. Am. Girl, LLC.*, 145 S. Ct. 1130 (2025). "Transacting business," "means purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* The "transacts business" prong is a "low threshold," which "may be satisfied by a single act within New York." *Corley v. Vance*, 365 F. Supp. 3d 407, 434 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020).

Plaintiff has adequately alleged that Menards transacted business related to the claims at issue in this matter. The Complaint clearly states that "Counterfeit Detergent can be purchased on Defendant Menards website and delivered to New York County." Compl. ¶ 105. Further, Plaintiff demonstrated that, as part of an investigation into infringing conduct, on March 26, 2025, Attorney Bowler purchased the Counterfeit Detergent on Menards' Website, and it was delivered to an address in Manhattan. Declaration of Anne Marie Bowler in Opposition to Menards Motion to Dismiss, ¶ 15-20 ("Bowler Dec. III"), ECF No. 47. Under New York law, a single sale of the infringing product within the jurisdiction is sufficient for the exercise of jurisdiction. *See Am. Girl, LLC*, 118 F. 4th at 275 (finding jurisdiction where "Plaintiff represented, with supporting evidence, that [ ] its counsel purchased and paid for allegedly counterfeit [ ] merchandise on [Defendant's] website and received confirmation emails because Defendant "accepted orders with New York shipping addresses, sent confirmatory emails with New York shipping addresses containing commitments to ship to those New York addresses, and accepted payments from a customer with a New York address.").

6

This Court joins many others in this district in finding Counsel's purchase of the infringing products, combined with plausible allegations that Menards has entered other transactions with New York consumers, to be sufficient for asserting jurisdiction over Menards. *Off-White LLC v. Ali*, No. 19 Civ. 1775, 2021 WL 11643206, at *6 (S.D.N.Y. July 23, 2021), *report and recommendation adopted*, 2021 WL 3914077 (S.D.N.Y. Sept. 1, 2021) ("[b]y making sales to Plaintiff's counsel in New York, the Defaulting Defendants 'transacted business' in a way that constitutes "purposeful availment"); *FoxMind Canada Enters. Ltd. v. Beijing Hui Xin Zhi Xiang Shangmao Youxian Gongsi*, No. 22 Civ. 9383, 2024 WL 532056, at *3 (S.D.N.Y. Feb. 9, 2024) (allegations were sufficient to exercise personal jurisdiction where "defendants' commercial reach into New York through their online marketplaces [wa]s attested to by the plaintiff's counsel's purchases of counterfeit products through the defaulting defendants' storefronts" as set forth in counsel's declaration). By selling products to New York customers, Menards "ran the risk of being haled into court by offering for sale allegedly counterfeit items for which New York customers could order[,] pay[,]" and have delivered to New York. *Am. Girl, LLC,*. 118 F.4th at 280.

Based on the above, Menards' Motion to Dismiss is **DENIED**.

## CONCLUSION

For the reasons stated herein, each of Defendants' Motions to Dismiss is **DENIED**. The Parties are directed to file a proposed case management plan within 14 days of this Order. The Clerk of Court is respectfully directed to terminate ECF Nos. 18, 29, and 42.

SO ORDERED.

Dated: February 13, 2026

New York, New York

DALE E. HO
United States District Judge

7